UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

> SOUTHERN DISTRICT OF MISSISSIPPI
> FILED
> OCT 20 2014
> ARTHUR JOHNSTON
> BY _____ DEPUTY

CAMPAIGN FOR SOUTHERN
EQUALITY; REBECCA BICKETT;
ANDREA SANDERS; JOCELYN
PRITCHETT; and CARLA WEBB,

§
§
§
§
§

    Plaintiffs,   §

§

vs.         §

§

PHIL BRYANT, in his official capacity as
Governor of the State of Mississippi; JIM
HOOD, in his official capacity as
Mississippi Attorney General; and
BARBARA DUNN, in her official capacity
as Hinds County Circuit Clerk,

§
§
§
§
§
§
§

    Defendants.  §

CIVIL ACTION NO. 3:14cv818 CWR-LRA

## PLAINTIFFS' ORIGINAL COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs Campaign for Southern Equality, Rebecca Bickett, Andrea Sanders, Jocelyn Pritchett, and Carla Webb complain and allege:

## INTRODUCTION

1.  This lawsuit is being filed pursuant to 42 U.S.C. § 1983 to redress the serious deprivation of constitutional rights caused by the provisions in Mississippi's Constitution and statutes that bar gay couples from marrying simply because they are gay. In doing so, these constitutional provisions and statutes deny gay couples and their families the dignity enjoyed by other Mississippians. They also deny gay couples a huge number of significant and concrete rights, benefits, and duties that automatically come with marriage.

2. The provisions in Mississippi's Constitution and statutes at issue are unconstitutional not only because they deny gay Mississippi couples the right to marry in their own home state, but also because they refuse to recognize otherwise valid marriages between gay couples performed in other states. As of today, as a result of the United States Supreme Court's decision to deny *certiorari* in appeals from the Fourth, Seventh, and Tenth Circuits, *Herbert* v. *Kitchen*, No. 14-124, 2014 WL 3841263 (U.S. Oct. 6, 2014); *Smith* v. *Bishop*, No. 14-136, 2014 WL 3854318 (U.S. Oct. 6, 2014); *Rainey* v. *Bostic*, No. 14-153, 2014 WL 3924685 (U.S. Oct. 6, 2014); *Schaefer* v. *Bostic*, No. 14-225, 2014 WL 4230092 (U.S. Oct. 6, 2014); *McQuigg* v. *Bostic*, No. 14-251, 2014 WL 4354536 (U.S. Oct. 6, 2014); *Bogan* v. *Baskin*, No. 14-277, 2014 WL 4425162 (U.S. Oct. 6, 2014); *Walker* v. *Wolf*, No. 14-278, 2014 WL 4425163 (U.S. Oct. 6, 2014), thirty-two states, including Virginia, Utah, and Oklahoma, plus the District of Columbia, allow gay couples to marry. These states together represent more than 60 percent of the United States population.

3. Mississippi's constitutional and statutory provisions arbitrarily discriminate against gay couples, effectively writing inequality into Mississippi law. As a consequence, a discrete but substantial minority of gay citizens in Mississippi suffer from grave deprivation of their rights, in violation of the guarantees of both equal protection and due process as applicable to the states by virtue of the Fourteenth Amendment to the United States Constitution. This clearly unequal treatment not only demeans the dignity of gay couples' commitments to one another but also has great practical significance for them and their families. Under the United States Constitution, it is now clear that such discrimination is quite simply impermissible.

4. Accordingly, Plaintiffs now bring this action and respectfully petition the Court for a declaratory judgment that Section 263A of Article 14 of the Mississippi Constitution and

Section 93-1-1(2) of the Mississippi Code violate the Fourteenth Amendment to the United States Constitution. Plaintiffs further petition this Court for a preliminary and permanent injunction preventing Defendants from continuing to deprive Plaintiffs of their constitutional right to marriage.

## PARTIES

5.    Plaintiff Campaign for Southern Equality is a not-for-profit corporation organized under the laws of North Carolina. It works across the South to achieve its mission of promoting the full humanity and equality of lesbian, gay, bisexual, and transgender people in American life. It brings suit on behalf of its members living within the State of Mississippi.

6.    Plaintiff Rebecca "Becky" Bickett is a Mississippi resident. She wants to marry her long-time partner, Plaintiff Andrea Sanders, in the State of Mississippi.

7.    Plaintiff Andrea Sanders is a Mississippi resident. She wants to marry her long-time partner, Plaintiff Becky Bickett, in the State of Mississippi.

8.    Plaintiff Jocelyn "Joce" Pritchett is a Mississippi resident. She legally married Plaintiff Carla Webb in Maine and wants her marriage to be recognized as valid and lawful in the State of Mississippi.

9.    Plaintiff Carla Webb is a Mississippi resident. She legally married Plaintiff Joce Pritchett in Maine and wants her marriage to be recognized as valid and lawful in the State of Mississippi.

10.    Defendant Phil Bryant is the Governor of the State of Mississippi and is being sued in his official capacity. Governor Bryant is the chief executive of the State of Mississippi and is responsible for insuring compliance with state law. Governor Bryant also bears responsibility for the formulation and administration of the policies of the executive branch,

including administrative agency policies relating to health insurance coverage, vital records, and taxation, all of which involve recognizing marital status. Governor Bryant was and is acting under the color of state law at all times relevant to this complaint.

11.     Defendant Jim Hood is the Attorney General of the State of Mississippi and is being sued in his official capacity. Attorney General Hood is the chief law enforcement officer of the State of Mississippi and is responsible for enforcing and insuring compliance with state law. Attorney General Hood was and is acting under the color of state law at all times relevant to this complaint.

12.     Defendant Barbara Dunn is the Circuit Clerk of Hinds County, Mississippi, and is being sued in her official capacity. In Mississippi, the "clerk of the circuit court in each county" is appointed as the "legal custodian of the records and papers relating to marriage licenses," Miss. Code Ann. § 93-1-23, and is charged by state law with the duty of issuing marriage licenses, see Miss. Code Ann. §§ 41-57-48, 93-1-5, 93-1-11. Circuit Clerk Dunn was and is acting under the color of state law at all times relevant to this complaint. Plaintiffs Becky Bickett and Andrea Sanders previously applied to the Hinds County Circuit Clerk's office for a marriage license and were denied because of the prohibitions on gay marriage in Mississippi law. If relief is granted, they intend to apply again to the Hinds County Circuit Clerk's office for a marriage license.

## JURISDICTION AND VENUE

13.     This action arises under the Constitution of the United States and the laws of the United States, including 42 U.S.C. § 1983. This Court therefore has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4).

4

14.     Venue is proper under 28 U.S.C. § 1391 because Defendants Phil Bryant and Barbara Dunn reside in this district, Defendant Hood's office is in this district, and all Defendants reside in the State of Mississippi. Venue is also proper because a substantial part of the events giving rise to this action occurred in this district.

15.     This Court has the authority to enter a declaratory judgment and to provide preliminary and permanent injunctive relief pursuant to Rules 57 and 65 of the Federal Rules of Civil Procedure, and 28 U.S.C. §§ 2201 and 2202.

16.     This Court has personal jurisdiction over Defendants because they are domiciled in Mississippi.

## FACTS

**A.     The Plaintiffs**

      1.     The Campaign for Southern Equality

17.     The Campaign for Southern Equality was incorporated in 2011, in order to advocate for the full humanity and equality of lesbian, gay, bisexual and transgender people in American life and to increase public support for their rights. Based in Asheville, North Carolina, the Campaign for Southern Equality works throughout the South to promote equality by encouraging gay couples to request marriage licenses where they live in order to call for the right to marry, providing organizational support and training to local leaders, and engaging in litigation to vindicate the rights guaranteed by the Constitution of the United States. Since 2012, it has worked actively with lesbian, gay, bisexual and transgender people across Mississippi. The Campaign for Southern Equality has members in the State of Mississippi.

      2.     Becky Bickett and Andrea Sanders

18.     Becky Bickett and Andrea Sanders have been together for ten years and are raising twin sons, whom Becky has legally adopted.

19.     Becky and Andrea were first introduced to each other by their sisters. After a period of dating, they moved in together in 2005, after Hurricane Katrina struck the Mississippi coast and destroyed each of their families' homes. Becky and Andrea's first home was a FEMA trailer. They have lived together ever since.

20.     In 2010, Becky and Andrea had a commitment ceremony at the Friendship Oak at the Gulf Park Campus of the University of Southern Mississippi, from which they both graduated.

21.     They sought to obtain a marriage license in Hinds County, Mississippi in March 2014, but were denied by the office of the Hinds County Circuit Clerk, who is Defendant Barbara Dunn, pursuant to the laws prohibiting gay marriage in Mississippi. Although they presently reside in Harrison County, Mississippi, they intend to apply again in Hinds County, where they were treated with courtesy in the Circuit Clerk's office, if relief is granted in this case. Marriage licenses obtained in any county in Mississippi are valid throughout the state and allow people to be married anywhere in the state.

22.     But for the fact that they are both women, Becky and Andrea are legally qualified to marry under the laws of Mississippi. Each is over the age of 21 and fully competent, and neither is precluded from marriage as a result of having another spouse or being closely related to the other. They are willing to provide the requisite information to receive a marriage license and to pay the required fee. They are able and eager to assume the responsibilities of marriage.

23.     Andrea is a stay at home mother, while Becky has worked in geographic information systems mapping. Becky is now actively seeking employment in that field, following the closure of the Northrop Grumman office where she was previously employed.

6

Becky purposefully sought employment with Northrop Grumman because it was one of the few employers in Mississippi that offered domestic partnership benefits to Andrea.

24.     Becky and Andrea are close with their families, who often come over to their home for holidays and cook-outs. Along with their twin boys, Becky and Andrea enjoy going to the beach and to local family events, such as car shows, parades, and street fairs.

### 3.     Joce Pritchett and Carla Webb

25.     Joce Pritchett and Carla Webb have been together for eleven years and were married in Maine in 2013. They are residents of Hinds County, Mississippi.

26.     Joce and Carla have two children, ages six and two. Joce carried the children. She is their lawful parent, but Carla does not have any parental rights in Mississippi.

27.     Joce and Carla's family is like any other. They go on family trips to England and Florida; they go to the park to play; and they run errands and keep the house in order.

28.     In September 2013, Joce and Carla were married in Portland, Maine. Joce and Carla decided to get married because they wanted their children to have married parents. Their daughter, who is six years old, told them they should get married.

29.     Joce and Carla were validly married in Maine. Mississippi would recognize their out-of-state marriage, but for the fact that they are both women.

30.     Upon returning from Maine, Joce and Carla invited approximately 100 of their friends and family members to their home to celebrate a re-enactment of the marriage.

31.     Joce and Carla each own their own small businesses: Joce is a civil engineer, while Carla is an endodontist. Because Mississippi refuses to recognize valid out-of-state marriages between gay couples, they face difficult issues involving financial and estate planning.

32.     Joce and Carla often have to explain their marital relationship to total strangers, who do not understand the arrangement or whether they actually are married.  And they often have to explain why their children have two mothers.

**B.      Mississippi Denies Gay Couples the Right to Marry and Refuses to Recognize Their Valid Out-of-State Marriages**

33.     In 1997, the year after the Defense of Marriage Act was passed, Pub. L. 104-199, 110 Stat 2419 (1996), Mississippi amended its domestic relations laws in order to declare that "Any marriage between persons of the same gender is prohibited and is null and void from the beginning.  Any marriage between persons of the same gender that is valid in another jurisdiction does not constitute a legal or valid marriage in Mississippi."  Miss. Code Ann. § 93-1-1(2).

34.     In 2004, the year after Massachusetts' Supreme Judicial Court determined that its state constitution required it to allow gay couples to marry, *Goodridge* v. *Dep't of Pub. Health*, 798 N.E.2d 941 (Mass. 2003), Mississippi amended its state constitution to reflect what the above-quoted statute already made clear:  "Marriage may take place and may be valid under the laws of this state only between a man and a woman.  A marriage in another state or foreign jurisdiction between persons of the same gender, regardless of when the marriage took place, may not be recognized in this state and is void and unenforceable under the laws of this state."  Miss. Const. art. 14, § 263A.

**C.      Plaintiffs' Inability to Marry or Have Their Marriages Recognized in Mississippi Causes Irreparable Harm**

35.     Mississippi's constitutional and statutory provisions create a legal system in which marriage is exclusively restricted to straight couples.  Each and every moment that

8

Defendants deny marriage to gay couples deprives Plaintiffs of their constitutional rights and causes them to suffer irreparable harm.

1.    Family and Parenthood

36.    Mississippi law expressly prohibits gay partners from being listed together on a birth certificate, since only a "mother" and "father" can be listed. *See* Miss. St. Bd. Of Heath, Certificate of Live Birth, Form No. 500 (2008), *available at* http://www.msdh.ms.gov/phs/ Handbook_Reg_Reporting_Vital_Events.pdf (requiring a "husband" to be listed as father where the birth mother is married). Moreover, two gay parents cannot both adopt a child. Miss. Code Ann. § 93-17-3(5). These barriers to the legal recognition of the parent-child relationship between gay parents and their children deprive children of many significant rights and protections under Mississippi law. *See generally, e.g.*, Miss. Code tit. 37 (Education); Miss. Code tit. 41 (Public Health); Miss. Code tit. 43 (Public Welfare); Miss. Code tit. 91 (Trusts and Estates); Miss. Code tit. 99 (Criminal Procedure). These are particularly difficult issues for couples such as Joce and Carla, and Becky and Andrea, who understandably want their children to have the security and protection of having two legal parents, not one.

2.    Retirement and Health Benefits for Public Employees

37.    Public employees in Mississippi are entitled to participate in generous state retirement plans and access affordable healthcare for their families. Certain benefits available under the various state pension systems are available only to the spouse of a retiree or to the guardian of the retiree's minor children, and are not available to any other designated beneficiary. *See, e.g.*, Miss Code Ann. §§ 21-29-329 (spousal survival benefits and continuation of pension benefits for public employees), 25-11-114 (family benefits upon death prior to retirement of public employee), 25-13-13 (benefits upon death of highway patrolman). Some public employees purchase health insurance through a medical plan sponsored by the State. An

9

employee's spouse can join the plan, but a gay partner is not allowed to do so.  Miss. Code Ann. § 25-15-13 (spouses employees eligible for participation in state life and health insurance plan).

3.    <u>Healthcare Decisions</u>

38.    Mississippi law presumes that gay people are not qualified or permitted to make medical decisions on behalf of their committed, long-term partners.  In the absence of an advance health-care directive, the following individuals, in order of priority, are appointed as surrogates: the decedent's spouse, an adult child, a parent, or an adult brother or sister.  Miss. Code Ann. § 41-41-211.  Mississippi law does not authorize a gay partner to be in that line of succession.

4.    <u>Probate, Transfer of Assets, and Statutory Claims</u>

39.    Although Mississippi estate law protects and provides for surviving spouses, surviving gay partners are not included within the laws of intestate succession.  Miss. Code Ann. §§ 91-1-7 (rules of intestate distribution for a married person), 91-5-25 (providing a surviving spouse with the right to election if the decedent's will does not make satisfactory provision), 91-5-27 (providing intestate share to spouse where decedent omits spouse from a will).  An exemption from Mississippi's estate tax is granted for surviving spouses, Miss. Code Ann. § 27-9-10, and Mississippi's homestead rights similarly protect surviving spouses, but neither protect surviving gay partners.  Miss. Code Ann. § 91-1-23.  In the absence of any directive, the surviving spouse—but not a gay partner—is generally appointed the administrator of the estate.  Miss. Code Ann. § 91-7-63 (preference for husband or wife to serve as administrator of intestate estate).  These provisions significantly complicate financial planning decisions, as is the case for Plaintiffs Joce and Carla and Plaintiffs Becky and Andrea.

40.    Gay men and women in Mississippi also are excluded from the statutory rights of an action for wrongful death—the cause of action is only available "for the benefit of all persons

10

entitled under the law to recover," which excludes gay partners.  Miss. Code Ann. § 11-7-13.

Similarly, if there is a workplace accident, a spouse—but again, not a gay partner—is authorized

to collect worker's compensation.  Miss. Code Ann. § 71-3-25.  And while straight spouses of

certain public employees are entitled to statutory death benefits, gay partners would be excluded

from these benefits if that should happen.  *See* Miss. Code Ann. §§ 21-29-45 (general municipal

employees' survivor's benefits), 21-29-145 (general death benefits for firemen and policemen),

21-29-147 (duty-related death benefits for firemen and policemen), 25-11-114 (public officers

death benefits), 25-13-13 (highway safety patrolmen's death benefits).

       5.    <u>Taxation</u>

    41.    Mississippi law authorizes married couples to file joint tax returns.  Miss. Code

Ann. § 27-7-31.  It also provides various exemptions and credits that specifically benefit married

couples.  *See, e.g.*, Miss. Code Ann. §§ 27-7-21 (giving married individuals a twelve thousand

dollar exemption for each year after 1999), 27-51-41 (exempting a motor vehicle owned by the

surviving spouse of a deceased member of the United States military who was killed in active

duty from ad valorem taxation), 27-73-9 (permitting a surviving spouse to recover a deceased

spouse's overpaid taxes up to five hundred dollars), 27-33-67 (exempting property owned jointly

by a husband and wife so long as one spouse has fulfilled the age or disability requirement).[1]

    42.    In these ways and more, Mississippi's constitution and statutes empower

Defendants and other government officials to deny Plaintiffs the benefits and duties that are

---

[1] With rights, of course, come responsibilities.  The utter irrationality of Mississippi's statutory scheme is further demonstrated by the fact that gay couples in Mississippi are not only prohibited from receiving any of the benefits of marriage, but they are also exempt from any of its legal obligations.  Thus, when a gay couple separates, there are no options available for legally-sanctioned divorce, alimony, or child support.  *See* Miss. Code Ann. § 93-5-1, *et seq.*  Moreover, a state employee who is gay is not required to comply with bans on acting in situations giving rise to conflicts of interest.  *See, e.g.*, Miss Code Ann. §§ 25-1-53 (prohibiting public officers from employing relatives), 81-14-165 (barring bank representatives from giving loans or gifts to regulators and regulators' "spouses").

concomitant with marriage. Marriage plays a unique role in American society, with significant social, economic and legal implications. In recognition of the deep and abiding commitment that married couples make to one another, our legal system provides benefits and duties to spouses which are not otherwise available.

43.     Mississippi's constitutional and statutory gay marriage bans convey the opposite: they suggest that gay couples are not capable of relationships similar to those between straight spouses and, accordingly, that relationships between gay individuals are inherently less valuable and should not be accorded the same dignity. It is a public, government-sponsored rejection of the most important relationship in the lives of gay Mississippians, relegating them and their families to second-class citizenship. By humiliating and demeaning gay couples, Mississippi law invites and endorses further discrimination against gays.

**D.     Mississippi's Refusal to Allow or Recognize Marriages Between Gay Couples Is Subject to Heightened Scrutiny**

44.     Gay people have endured a long and painful history of popular and state-sponsored discrimination within the United States, including within Mississippi.

45.     This discrimination is based solely on their sexual orientation. It bears no relationship to their ability to contribute to society at large.

46.     Sexual orientation is an innate and immutable trait of all people.

47.     Gay people lack the political power to protect themselves through the democratic process by overturning discriminatory laws and passing laws that would protect their rights. Indeed, eighty-six percent of Mississippi voters in 2004 voted in favor of a constitutional amendment banning gay marriage.

E.      **The Refusal to Allow or Recognize Gay Marriage Does Not Advance Any**
**Governmental Interest**

48.     Mississippi's prohibitions against gay marriage do not bear even a rational relationship with any valid governmental interests.

49.     Excluding gay couples from the institution of marriage does not improve the stability of straight marriages, nor are straight marriages undermined or destabilized by the recognition of marriages between gay couples.

50.     Excluding gay couples from the institution of marriage has no impact on child-rearing, and the vast majority of benefits and obligations that Mississippi confers on married couples do not relate to children whatsoever.

51.     Standing alone, a tradition of historical discrimination against gays cannot provide a legitimate reason for refusing to allow and recognize their marriages. Rather, such a tradition reflects no more than impermissible animus.

## CAUSES OF ACTION

### CLAIM ONE: EQUAL PROTECTION

52.     Plaintiffs incorporate by reference paragraphs 1 through 51, *supra*, as if set forth fully herein.

53.     Plaintiffs state this cause of action against Defendants in their official capacities for purposes of seeking declaratory and injunctive relief.

54.     The provisions of the Mississippi Constitution and code presently at issue deny to persons within Mississippi the equal protection of the laws, in violation of the Fourteenth Amendment to the Constitution of the United States. By allowing straight couples to marry one another while refusing to allow gay couples to do the same, and by recognizing valid out-of-state

marriages between straight couples but not valid out-of-state marriages between gay couples, the State of Mississippi impermissibly distinguishes among similarly situated people by discriminating solely on the basis of sexual orientation. By refusing to allow or recognize marriage between gay couples, gay couples are deprived of all of the rights and duties that Mississippi offers straight couples, rendering them unequal before the law and denying their relationships the dignity to which they are constitutionally entitled.

55.     Animus, as that term has been construed in cases like *Board of Trustees of the University of Alabama* v. *Garrett*, 531 U.S. 356 (2001), and *Lawrence* v. *Texas*, 539 U.S. 558 (2003), is the sole basis for the discrimination borne by gay couples in Mississippi. There is no legitimate governmental interest furthered by the constitutional and statutory provisions presently at issue, which serve only to deny gay couples the right to marry and have their otherwise-valid marriages recognized by the State of Mississippi. By relegating gay couples to a disfavored legal status, Mississippi impermissibly creates a second-class caste among its citizens, in violation of the Fourteenth Amendment's guarantee of equal protection of the laws.

56.     Mississippi's laws and constitution also violate the Fourteenth Amendment's Equal Protection Clause because they discriminate on the basis of sex. The distinction Mississippi draws between straight and gay couples is implicitly based on an individual's gender: men cannot marry men solely because they are men, nor can women marry women, solely because they are women.

## CLAIM TWO: DUE PROCESS

57.     Plaintiffs incorporate by reference paragraphs 1 through 56, *supra*, as if set forth fully herein.

58.     Plaintiffs state this cause of action against Defendants in their official capacities for purposes of seeking declaratory and injunctive relief.

59.     The provisions of the Mississippi Constitution and code presently at issue deprive gay couples of the liberties guaranteed by the Due Process Clause of the Fourteenth Amendment of the United States Constitution.   They impinge on the fundamental right to marry and unlawfully refuse to recognize valid out-of-state marriages.   In doing so, Defendants stigmatize gay couples, their children, and their families by denying them the dignity and stature afforded to married couples through governmental recognition of their most cherished relationships.

## DECLARATORY AND INJUNCTIVE RELIEF

### 28 U.S.C. §§ 2201 and 2202; Federal Rules of Civil Procedure 57 and 65

60.     Plaintiffs incorporate by reference paragraphs 1 through 59, *supra*, as if set forth fully herein.

61.     This case presents an actual controversy because Defendants' present and ongoing denial of equal treatment of Plaintiffs subjects them to serious and immediate harms, warranting the issuance of a declaratory judgment.

62.     Plaintiffs seek an injunction to protect their constitutional rights and avoid the injuries described in this complaint.   A favorable decision enjoining Defendants would redress and prevent the irreparable injuries to Plaintiffs identified herein, for which Plaintiffs have no adequate remedy at law.

63.    The State of Mississippi will incur little to no burden in allowing gay couples to marry and in recognizing valid marriages of gay couples from other states, whereas the hardship for Plaintiffs of being denied equal treatment and the denial of a fundamental right is severe, subjecting them to irreparable denial of their constitutional rights.  The balance of hardships thus tips strongly in favor of Plaintiffs.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court enter an order:

1.    Declaring that Miss. Code Ann. § 93-1-1(2) and Section 263A of Article 14 of the Constitution of Mississippi, as applied to Plaintiffs and on their face, violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States;

2.    Declaring that the enforcement of Miss. Code Ann. § 93-1-1(2) and Section 263A of Article 14 of the Constitution of Mississippi violates 42 U.S.C. § 1983 by acting to deprive United States citizens of their rights, privileges and immunities, as secured by the Constitution of the United States;

3.    Preliminarily and permanently enjoining the enforcement and application of Miss. Code Ann. § 93-1-1(2) and Section 263A of Article 14 of the Constitution of Mississippi;

4.    Awarding Plaintiffs their reasonable costs, expenses, and attorneys' fees pursuant to 42 U.S.C. § 1988; and

5.    Granting such other relief as the Court may deem just, equitable and proper.

Respectfully submitted,
    Dated:  October 20, 2014

**PAUL, WEISS, RIFKIND,
    WHARTON & GARRISON LLP**

    Roberta A. Kaplan*
        *Lead Counsel*
    Andrew J. Ehrlich*
    Jaren Janghorbani*
    Joshua D. Kaye*
    Warren Stramiello*
    Jacob H. Hupart*
1285 Avenue of the Americas
New York, NY 10019-6064
Tel:  (212) 373-3000
Fax:  (212) 757-3990
rkaplan@paulweiss.com
aehrlich@paulweiss.com
jjanghorbani@paulweiss.com
wstramiello@paulweiss.com
jkaye@paulweiss.com
jhupart@paulweiss.com

**WALTON LAW OFFICE**

    Diane E. Walton*
168 S. Liberty Street
Asheville, NC 28801
Tel: (828) 255-1963
Fax: (828) 255-1968
diane@waltonlawoffice.com


    *\*Pro hac vice* application forthcoming


*Attorneys for Plaintiffs Campaign for
Southern Equality, Rebecca Bickett,
Andrea Sanders, Jocelyn Pritchett and
Carla Webb*

**MCDUFF & BYRD**

By:
    Robert B. McDuff
        Bar No. 2532
    Sibyl C. Byrd
        Bar No. 100601
    Jacob W. Howard
        Bar No 103256
767 North Congress Street
Jackson, Mississippi 39202
Tel:  (601) 969-0802
Fax: (601) 969-0804
rbm@mcdufflaw.com
scb@mcdufflaw.com

**SILIN & ELLIS**

    Rita Nahlik Silin
        Bar No. 102662
    Dianne Herman Ellis
        Bar No. 102893
1161 Robinson Avenue
Ocean Springs, Mississippi 39564
Tel:  (228) 215-0037
Fax: (228) 284-1889
diannernjd@aol.com
rsilin@gmail.com