PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

LLOYD K GARRISON     (1946-1991)
RANDOLPH E PAUL      (1946-1956)
SIMON H RIFKIND      (1950-1995)
LOUIS S WEISS        (1927-1950)
JOHN F WHARTON       (1927-1977)

UNIT 3601 OFFICE TOWER A, BEIJING FORTUNE PLAZA
NO 7 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828 6300

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U K
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011 JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
PO BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
212.373.3086

WRITER'S DIRECT FACSIMILE
212.492.0086

WRITER'S DIRECT E-MAIL ADDRESS
rkaplan@paulweiss.com

MATTHEW W ABBOTT
EDWARD T ACKERMAN
ALLAN J ARFFA
ROBERT A ATKINS
DAVID J BALL
JOHN F BAUGHMAN
LYNN B BAYARD
DANIEL J BELLER
CRAIG A BENSON
MITCHELL L BERG
MARK S BERGMAN
BRUCE BIRENBOIM
H CHRISTOPHER BOEHNING
ANGELO BONVINO
JAMES L BROCHIN
RICHARD J BRONSTEIN
DAVID W BROWN
SUSANNA M BUERGEL
PATRICK S CAMPBELL*
JESSICA S CAREY
JEANETTE K CHAN
YVONNE Y F CHAN
LEWIS R CLAYTON
JAY COHEN
KELLEY A CORNISH
CHRISTOPHER J CUMMINGS
CHARLES E DAVIDOW
THOMAS V DE LA BASTIDE III
ARIEL J DECKELBAUM
ALICE BELISLE EATON
ANDREW J EHRLICH
GREGORY A EZRING
LESLIE GORDON FAGEN
MARC FALCONE
ROSS A FIELDSTON
ANDREW C FINCH
BRAD J FINKELSTEIN
BRIAN P FINNEGAN
ROBERTO FINZI
PETER E FISCH
ROBERT C FLEDER
MARTIN FLUMENBAUM
ANDREW J FOLEY
HARRIS B FREIDUS
MANUEL S FREY
ANDREW L GAINES
KENNETH A GALLO
MICHAEL E GERTZMAN
ADAM M GIVERTZ
SALVATORE GOGLIORMELLA
ROBERT D GOLDBAUM
NEIL GOLDMAN
CATHERINE L GOODALL
ERIC GOODISON
CHARLES H GOOGE, JR
ANDREW G GORDON
UDI GROFMAN
NICHOLAS GROOMBRIDGE
BRUCE A GUTENPLAN
GAINES GWATHMEY, III
ALAN S HALPERIN
JUSTIN G HAMILL
CLAUDIA HAMMERMAN
GERARD E HARPER
BRIAN S HERMANN
MICHELE HIRSHMAN
MICHAEL S HONG
DAVID S HUNTINGTON
AMRAN HUSSEIN
LORETTA A IPPOLITO
BRIAN M JANSON
JAREN JANGHORBANI
MEREDITH J KANE

ROBERTA A KAPLAN
BRAD S KARP
PATRICK N KARSNITZ
JOHN C KENNEDY
BRIAN KIM
ALAN W KORNBERG
DANIEL J KRAMER
DAVID K LAKHDHIR
STEPHEN P LAMB*
JOHN E LANGE
DANIEL J LEFFELL
XIAOYU GREG LIU
JEFFREY D MARELL
MARCO V MASOTTI
EDWIN S MAYNARD
DAVID W MAYO
ELIZABETH R McCOLM
MARK F MENDELSOHN
WILLIAM B MICHAEL
TOBY S MYERSON
CATHERINE NYARADY
JANE B O'BRIEN
ALEX YOUNG K OH
BRAD R OKUN
KELLEY D PARKER
MARC E PERLMUTTER
VALERIE E RADWANER
CARL L REISNER
LORIN L REISNER
WALTER G RICCIARDI
WALTER RIEMAN
RICHARD A ROSEN
ANDREW N ROSENBERG
JACQUELINE P RUBIN
RAPHAEL M RUSSO
ELIZABETH M SACKSTEDER
JEFFREY D SAFERSTEIN
JEFFREY B SAMUELS
DALE M SARRO
TERRY E SCHIMEK
KENNETH M SCHNEIDER
ROBERT B SCHUMER
JOHN M SCOTT
STEPHEN J SHIMSHAK
DAVID R SICULAR
MOSES SILVERMAN
STEVEN SIMKIN
JOSEPH J SIMONS
AUDRA J SOLOWAY
SCOTT M SONTAG
TARUN M STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
ROBYN F TARNOFSKY
MONICA K THURMOND
DANIEL J TOAL
LIZA M VELAZQUEZ
MARIA T VULLO
ALEXANDRA M WALSH*
LAWRENCE G WEE
THEODORE V WELLS, JR
BETH A WILKINSON
STEVEN J WILLIAMS
LAWRENCE I WITDORCHIC
MARK B WLAZLO
JULIA MASON WOOD
JENNIFER H WU
JORDAN E YARETT
KAYE N YOSHINO
TONG YU
TRACEY A ZACCONE
TAURIE M ZEITZER
T ROBERT ZOCHOWSKI, JR

*NOT ADMITTED TO THE NEW YORK BAR

June 26, 2015

**By Electronic Mail**

The Honorable Carlton W. Reeves
United States District Court
Southern District of Mississippi
501 E. Court St., Suite 5.500
Jackson, MS 39201

                *Campaign for Southern Equality et al.* v. *Bryant et al.*,
                        No. 3:14-cv-00818-CWR-LRA

Dear Judge Reeves:

        We represent Plaintiffs in the above-referenced action. On November 25, 2014 this court issued a Memorandum Opinion and Order that declared Mississippi's marriage bans unconstitutional, enjoined the State of Mississippi (and all its agents, officers, employees, and subsidiaries) and the Circuit Clerk of Hinds County (and all her agents, officers, and employees) from enforcing Section 263A of the Mississippi Constitution and Mississippi Code Section 93-1-1(2), and entered a 14-day stay of that injunction (Dkt. No. 30) (the "Injunction"). On November 26, 2014, Defendants Bryant and Hood appealed the Injunction to the United States Court of Appeals for the Fifth Circuit, arguing that a stay was necessary "until the validity of state traditional marriage laws is ultimately decided, whether by this Court *or by the Supreme Court*." (*See* Dkt. No. 31 (emphasis added).)

        On December 4, 2014, the Fifth Circuit granted Defendants' request to stay the Injunction pending appeal, though it "recognize[d] that Plaintiffs are potentially harmed by a continued violation of their constitutional rights" during the pendency of that stay. *Campaign for S. Equality* v. *Bryant*, 773 F.3d 55, 58 (5th Cir. 2014).

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Carlton W. Reeves   2

    The questions raised in that appeal have now been conclusively resolved by the decision of the Supreme Court this morning in *Obergefell* v. *Hodges*, No. 14-556 (June 26, 2015).  In the opinion, the Court held that "same-sex couples may exercise the fundamental right to marry" and state laws to the contrary "are now held invalid to the extent they exclude same-sex couples from civil marriage on the same terms and conditions as opposite sex couples." *Id.* at 22-23.

    The Supreme Court has thus made clear what this Court has already recognized:  Mississippi's marriage laws, to the extent that they bar gay couples from marrying and preclude the state from recognizing the lawful marriages of gay couples performed in other states, are unconstitutional.  Every day they remain in effect is a day that gay Mississippians and their families are denied important protections under the United States Constitution.  Plaintiffs have accordingly filed a motion this afternoon with the Court of Appeals asking that it immediately lift the stay, summarily affirm this Court's judgment, and issue its mandate as soon as possible.  We have enclosed the papers filed with the Court of Appeals with this letter for the Court's reference.

    In connection with that motion, the Attorney General and the Governor have taken inconsistent positions:  specifically, the Governor is opposing the motion and the Attorney General is not.  Further confusing matters, the Attorney General has stated both that the "Supreme Court decision is the law of the land and we do not dispute that," but also that "the Supreme Court's decision is not immediately effective in Mississippi."

    Given the above, and depending on further developments, we may ask the Court to have a brief telephonic conference to discuss the evolving situation.

              Respectfully submitted,

              Roberta A. Kaplan /JDK
              Roberta A. Kaplan

Enclosures

cc (by electronic mail):  Robert B. McDuff, Esq.
          Sibyl Byrd, Esq.
          Dianne Herman Ellis, Esq.
          Pieter Teeuwissen, Esq.
          Harold E. Pizzetta, Esq.
          Justin L. Matheny, Esq.
          Paul Eldridge Barnes, Esq.

**No. 14-60837**

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

CAMPAIGN FOR SOUTHERN EQUALITY; REBECCA BICKETT; ANDREA SANDERS; JOCELYN PRITCHETT; and CARLA WEBB,

*Plaintiffs-Appellees*,

v.

PHIL BRYANT, in his official capacity as Governor of the State of Mississippi; and JIM HOOD, in his official capacity as Mississippi Attorney General,

*Defendants-Appellants*,

On Appeal from the United States District Court for the
Southern District of Mississippi (Northern Division)
No. 3:14-cv-00818-CWR-LRA (Hon. Carlton Reeves)

## Appellees' Motion for Immediate Lifting of Stay and Issuance of Mandate

Roberta A. Kaplan
Andrew J. Ehrlich
Jaren Janghorbani
Joshua D. Kaye
Jacob H. Hupart
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 373-3990
rkaplan@paulweiss.com
aehrlich@pailwess.com
jjanghorbani@paulweiss.com
jkaye@paulweiss.com
jhupart@paulweiss.com

Dale Carpenter
UNIVERSITY OF MINNESOTA
  LAW SCHOOL
229 Nineteenth Ave S.
Minneapolis, MN 55455
Telephone: (612) 625-5537
Facsimile: (612) 625-2011
dalecarp@umn.edu

Robert B. McDuff
Sibyl C. Byrd
Jacob W. Howard
MCDUFF & BYRD
767 North Congress Street
Jackson, Mississippi 39202
Telephone: (601) 969-0802
Facsimile: (601) 969-0804
rbm@mcdufflaw.com
scb@mcdufflaw.com

Diane E. Walton
WALTON LAW OFFICE
168 S. Liberty Street
Asheville, NC 28801
Telephone: (828) 255-1963
Facsimile: (828) 255-1968
diane@waltonlawoffice.com

*Attorneys for Plaintiffs-Appellees*

No. 14-60837

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

CAMPAIGN FOR SOUTHERN EQUALITY; REBECCA BICKETT; ANDREA SANDERS; JOCELYN PRITCHETT; and CARLA WEBB,

*Plaintiffs-Appellees,*

v.

PHIL BRYANT, in his official capacity as Governor of the State of Mississippi; and JIM HOOD, in his official capacity as Mississippi Attorney General,

*Defendants-Appellants,*

**CERTIFICATE OF INTERESTED PERSONS**

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of the case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. Campaign for Southern Equality, Plaintiff-Appellee. Campaign for Southern Equality is a North Carolina non-profit corporation with no parent corporation. No publicly held company owns ten percent or more of the Campaign for Southern Equality's stock.

2. Rebecca Bickett, Andrea Sanders, Jocelyn Pritchett, and Carla Webb, Plaintiffs-Appellees.

3. Paul, Weiss, Rifkind, Wharton & Garrison LLP, Counsel for all Plaintiffs-Appellees (Roberta A. Kaplan, Andrew A. Ehrlich, Jaren Janghorbani, Joshua D. Kaye, Warren Stramiello, and Jacob H. Hupart representing).

ii

  4. Dale Carpenter, Counsel for all Plaintiffs-Appellees.

  5. Walton Law Office, Counsel for all Plaintiffs-Appellees (Diane E. Walton representing).

  6. McDuff & Byrd, Counsel for all Plaintiffs-Appellees (Robert B. McDuff, Sibyl C. Byrd and Jacob W. Howard representing).

  7. Silin & Ellis, Counsel for all Plaintiffs-Appellees (Rita Nahlik Silin and Dianne Herman Ellis representing).

  8. Phil Bryant, in his official capacity as the Governor of the State of Mississippi, Defendant-Appellant.

  9. Jim Hood, in his official capacity as Mississippi Attorney General, Defendant-Appellant.

  10. Barbara Dunn, in her official capacity as Hinds County Circuit Clerk.

  11. Office of the Board Attorney for Hinds County, Counsel for Barbara Dunn (Anthony R. Simon and Pieter Teewussen representing).

  12. Office of the Mississippi Attorney General, Counsel for Defendant-Appellants Phil Bryant and Jim Hood (Justin L. Matheny and Paul E. Barnes representing).

Respectfully submitted,

<u>/s/ Roberta A. Kaplan</u>
Roberta A. Kaplan
*Attorney of Record for Plaintiffs-Appellees*

iv

Plaintiffs-Appellees Campaign for Southern Equality, Rebecca Bickett, Andrea Sanders, Jocelyn Pritchett, and Carla Webb (collectively, "Appellees") respectfully move this Court to lift its previously imposed stay, summarily affirm the district court's decision below, and immediately issue a mandate. Such relief is appropriate in light of the Supreme Court's recent decision in *Obergefell* v. *Hodges*, Nos. 14-556, 14-562, 14-571 & 14-574 (June 27, 2015). Any delay will unnecessarily prolong the violation of Appellees' constitutional rights. Defendant-Appellant Jim Hood, in his official capacity as Mississippi Attorney General, does not oppose this motion. Defendant-Appellant Phil Bryant, in his official capacity as Governor of the State of Mississippi, opposes this motion.

## STATEMENT OF THE CASE

Currently pending before this Court is *Campaign for Southern Equality* v. *Bryant*, Case No. 14-60837, in which Plaintiffs-Appellees challenged Mississippi's marriage laws, which bar gay couples from marrying and preclude the state from recognizing the lawful marriages of gay couples performed in other states. Those laws deny Plaintiffs-Appellees the equal protection under the law guaranteed by the Fourteenth Amendment and violate their fundamental right to marry guaranteed by the Due Process Clause of the Fourteenth Amendment.

Following the decision in favor of Appellees at the district court, in which Judge Reeves granted a preliminary injunction holding Mississippi's marriage ban unconstitutional, *Campaign for S. Equality* v. *Brant*, --- F. Supp. 3d ---, 2014 WL 6680570, at *41 (S.D. Miss. 2014), the Fifth Circuit granted Mississippi's motion for a stay. In so doing, this Court noted that a "temporary maintenance of the status quo" was proper because the Appellees' constitutional claims would shortly be heard by the Fifth Circuit, and because the Court desired to prevent "[t]he inevitable disruption that would arise from a lack of continuity and stability in this important area of law." *Campaign for S. Equality* v. *Bryant*, 773 F.3d 55 (5th Cir. 2014).

Earlier today, the United States Supreme Court issued its opinion in *Obergefell* v. *Hodges*, which resolved precisely the issues before this Court in *Campaign for Southern Equality*. The Court saw no reason to delay implementation of its ruling, recognizing that "[t]he petitioners' stories make clear the urgency of the issue they present to the Court." *Obergefell* v. *Hodges*, No. 14-556 (June 25, 2015) at 25. In the opinion, "[t]he Court *now* holds that same-sex couples may exercise the fundamental right to marry" and state laws to the contrary "are *now* held invalid to the extent they exclude same-sex couples from civil marriage on the same terms and conditions as opposite sex couples." *Id*. at 22-23 (emphasis added). Thus, the "temporary maintenance of the status quo"

6

originally contemplated by this court thus no longer serves the interests of justice, and any concerns about "lack of continuity and stability in this important area of law" have been invalidated.

The decision in *Obergefell* is dispositive here and necessarily resolves all questions of law in this case. As such, not only should the stay be lifted, but this Court should summarily affirm the decision below and issue its mandate forthwith. There is, and can be, no dispute on this point. Indeed, within two hours of the Supreme Court's decisions this morning in *Obergefell*, Attorney General Hood stated publicly that the Supreme Court opinion is "the law of the land" and that once this Court lifted the stay in this case, it "will become effective in Mississippi and circuit clerks will be required to issue same-sex marriage licenses." There is simply no question that the United States Supreme Court has definitely resolved the questions of law raised by this appeal, and we respectfully submit that the Court should lift the stay, summarily affirm, and issue its mandate as soon as possible.

## ARGUMENT

### I.    The Stay Should Be Lifted Immediately

It has long been recognized that "the stay of an equitable order is an extraordinary device which should be sparingly granted" because it "interrupts the ordinary process of judicial review and postpones relief for the prevailing party."

7

*United States* v. *State of Tex.*, 523 F. Supp. 703, 729 (E.D. Tex. 1981). "A motion to modify or vacate a stay . . . is appropriate . . . when appellee plans to raise matters not previously considered by the district court." David G. Knibb, Federal Courts of Appeals Manual § 21:7 (6th ed.). Such motions are adjudicated upon "the same equitable grounds as appl[ied]" when the stay was granted. *Id.* Accordingly, the Court must consider (1) whether Appellees have made a strong showing that they are likely to succeed on the merits; (2) whether Appellees will be irreparably injured absent a lifting of the stay; (3) whether lifting the stay will substantially injure Appellants; and (4) where the public interest lies. *See Nken* v. *Holder*, 556 U.S. 418, 426 (2009). Although all four of these factors militate in favor of lifting the stay in this action, "'[t]he first two factors . . . are the most critical.'" *Moore* v. *Tangipoahoa Parish Sch. Bd.*, 507 F. App'x 389, 392 (5th Cir. 2013) (quoting *Nken*, 556 U.S. at 434).

First, in granting a stay pending appeal, the Court recognized that this case presented a "conflict between the state's historic power and authority over marriage and the constitutional rights of persons to make decisions in the most intimate and personal aspects of their lives," over which federal courts were divided. *Bryant*, 773 F.3d at 57 (quotations omitted). But *Obergefell* has removed any doubt as to the merits of Appellees' arguments. As the Supreme Court explained, "the right to marry is a fundamental right inherent in the liberty of the

8

person, and under the Due Process and Equal Protection Clauses of the Fourteenth Amendment couples of the same-sex may not be deprived of that right and that liberty." *Obergefell*, Op. at 22. Accordingly, it is now abundantly clear that Appellees are "likely to succeed on the merits," *Nken*, 556 U.S. at 426, because Appellees' claims are squarely governed by *Obergefell*.

Second, Appellees will be irreparably injured if the stay remains in effect because they will continue to be deprived of their rights under the Due Process and Equal Protection clauses of the Fourteenth Amendment. This continued deprivation "demeans" Appellees and "humiliates" their families, *United States* v. *Windsor*, 133 S. Ct. 2675, 2694 (2013), causing dignitary harms whose consequences are "unlikely ever to be undone." *Brown* v. *Bd. of Educ.*, 347 U.S. 483, 494 (1954). Indeed, this has never been in dispute: the District Court did not hold merely that Appellees *might* be injured by staying the injunctive relief sought, but rather it explicitly recognized that Appellees "*will* be harmed" by that stay. *Campaign for S. Equality* v. *Bryant*, --- F. Supp. 3d ---, 2014 WL 6680570, at *39 (S.D. Miss. 2014). Without reaching the merits of whether Appellees' rights were actually violated—a question that has since been decisively resolved by *Obergefell*—this Court similarly recognized that Appellees would be "harmed by a continued violation of their constitutional rights," assuming *arguendo* that such a violation could be caused by the marriage laws in question. *Bryant*, 773 F.3d at

9

58. This Court can still minimize the extent of that harm, however, by acting promptly to vacate its stay and allowing the injunctive relief granted by the District Court to go into effect.

The Attorney General of Mississippi has stated today that the "Supreme Court's decision is not immediately effective in Mississippi. It will become effective in Mississippi, and circuit clerks will be required to issue same-sex marriage licenses, when the 5th Circuit lifts the stay of Judge Reeves' order." Donesha Aldridge, *AG Hood: Supreme Court gay marriage decision not immediately effective in Mississippi*, WJTV 12 (June 26, 2015, 10:40am), http://wjtv.com/2015/06/26/ag-hood-supreme-court-gay-marriage-decision-not-immediately-effective-in-mississippi/. Therefore, until the Fifth Circuit lifts the stay of Judge Reeves' decision invalidating Mississippi's prohibition on gay marriage, thousands of gay couples will continue to be irreparably injured by being deprived of their constitutional right to marry, a right that has now been recognized and endorsed by the Supreme Court of the United States in *Obergefell*.

Third, Appellants would not be substantially injured if the stay were lifted because "a state is in no way harmed by [enforcement] of a preliminary injunction which prevents the state from enforcing restrictions . . . found unconstitutional. If anything, the system is improved by such an injunction." *Giovani Carandola, Ltd.* v. *Bason*, 303 F.3d 507, 521 (4th Cir. 2002) (quotations

10

omitted). Nor can Appellants plausibly claim that prompt compliance with *Obergefell* would be unduly burdensome. There is no evidence before the Court that it would be administratively difficult for the State of Mississippi to begin issuing marriage licenses to gay couples, particularly since Appellants have been on notice that they might be required to do so since at least last year when this suit was brought.

Moreover, as the district court noted in rejecting that argument more than six months ago, "[c]ommon sense tells us that reprinting forms to replace the words 'husband' and 'wife' with 'spouse' and 'spouse' is a minor inconvenience at best." *Bryant*, 2014 WL at *37. Defendant Barbara Dunn, Hinds County Clerk, confirmed that understanding, explaining that such typographical efforts, which could be completed "in 'under two minutes,'" would constitute "'the only foreseeable major change'" that Mississippi would have to implement if the stay were lifted. *Id.* (quoting Adam Ganucheau, *Miss. Circuit Clerks Prepare for Gay Marriage Ruling*, Clarion Ledger, Nov. 14, 2014).

Under these circumstances, "the value of the constitutional rights to be protected far outweighs [any] administrative costs that might be incurred." *Reed* v. *Rhodes*, 549 F.2d 1050, 1052 (6th Cir. 1976) (vacating stay of injunction related to desegregation of schools).

11

Lastly, Appellants previously argued that this Court should stay the District Court's injunctive relief "until the validity of state traditional marriage laws is ultimately decided . . . by the Supreme Court." Opposed Emergency Motion to Stay Effect of Preliminary Injunction Pending Appeal at v, *Campaign for S. Equality* v. *Bryant*, No. 14-60837 (5th Cir. Nov. 26, 2014). *Obergefell* decided precisely that issue, making clear that "[t]he Constitution . . . does not permit the State to bar same-sex couples from marriage on the same terms as accorded to couples of the opposite sex." *Obergefell*, Op. at 27. Because "[i]t is always in the public interest to prevent the violation of a party's constitutional rights," *Jackson Women's Health Org.* v. *Currier*, 760 F.3d 448, 458 n.9 (5th Cir. 2014) (quotations omitted), it is now indisputable that the public interest lies in lifting this Court's stay.

Indeed, recognizing the unequivocal impact of the Supreme Court's decision in *Obergefell*, the Texas district court in *De Leon* v. *Perry* today lifted the stay it had previously imposed on its order enjoining the enforcement of Texas' laws banning gay marriage. *De Leon* v. *Perry*, Case No. SA-13-CA-00982-OLG (W.D. Tex. June 26, 2015), D.E. #96 ("Based on the opinion issued today by the United States Supreme Court in *Obergefell* v. *Hodges*, No. 14-556, __ U.S. ___ (2015), the Court finds Plaintiffs' motion [to lift the stay of injunction] should be GRANTED."). The *De Leon* case involved precisely the same issues in Texas as

12

those presented by *Campaign for Southern Equality* in Mississippi; the appeals of both decisions were heard on the same day by the same oral argument panel in the Fifth Circuit. There is no reason that Appellees in Mississippi should be subject to a stay while the identically-situated plaintiffs in Texas are not.

## II. The Decision Below Should be Summarily Affirmed

This Court commonly issues summary affirmances when a decision by the Supreme Court resolves a pending case. *See, e.g.*, *Dresser-Rand Co.* v. *N.L.R.B.*, 576 Fed. Appx. 332 (5th Cir. 2014) (vacating order of the NLRB following the Supreme Court's decision in *Noel Canning*, 134 S.Ct. 2550 (2014)). The Supreme Court's decision in *Obergefell*, which decisively and unequivocally held that gay couples have the constitutional right to marry, is dispositive of all the legal issues presented in this case. The Fifth Circuit has repeatedly declared itself a "strict stare decisis court." *See, e.g.*, *Ballew* v. *Cont'l Airlines, Inc.*, 668 F.3d 777, 782 (5th Cir. 2012); *FDIC* v. *Abraham*, 137 F.3d 264, 268 (5th Cir. 1998), and so "must follow the Supreme Court's directly controlling precedent." *Ballew*, 668 F.3d at 782. Indeed, Defendant Jim Hood has conceded that *Obergefell* is controlling: "The Supreme Court decision is the law of the land and we do not dispute that. When the 5th Circuit lifts the stay of Judge Reeves' order, it will become effective in Mississippi and circuit clerks will be required to issue same-sex marriage licenses." Donesha Aldridge, *AG Hood: Supreme Court gay*

13

*marriage decision not immediately effective in Mississippi*, WJTV 12 (June 26, 2015, 10:40am), http://wjtv.com/2015/06/26/ag-hood-supreme-court-gay-marriage-decision-not-immediately-effective-in-mississippi/.

Therefore, this Court should summarily affirm the decision of the district court below, enabling the Supreme Court's decision in *Obergefell* to be expeditiously enforced and implemented in Mississippi.

### III.  A Mandate to the District Court Should Issue Immediately

Although federal courts of appeals typically issue mandates to district courts twenty-one days after issuing their opinions, *see* Fed. R. App. P. 40(a)(1) & 41(b), such a delay is unwarranted in this case.  Federal Rule of Appellate Procedure 41(b) specifically provides an appellate court with discretion to "shorten . . . the time" for issuance of a mandate.  The Court should do so here because Appellants cannot succeed on a motion for rehearing, as the Supreme Court's ruling in *Obergefell* v. *Hodges* has rendered moot the questions pending before this Court.  The gay marriage bans at issue in *Obergefell* are identical in all relevant respects to those at issue here.  Since *Obergefell* held that such bans are unconstitutional, delaying issuance of the mandate here would serve no purpose.

Moreover, each day that the mandate is delayed is one more day that Appellees are deprived of their constitutional right to marriage.  In light of the strong public interest in ensuring that unconstitutional laws are not given effect,

14

issuing an immediate mandate is particularly appropriate here. *See Opulent Life Church* v. *City of Holly Springs, Miss.*, 697 F.3d 279 (5th Cir. 2012) ("Injunctions protecting [constitutional rights] are always in the public interest." (quotations omitted)); *see also, e.g.*, *Steele* v. *Bd. of Pub. Instruction of Leon Cnty., Fla.*, 421 F.2d 1382, 1383 (5th Cir. 1969) (issuing an immediate mandate to prevent a school choice plan that could result in school segregation). This court should exercise its power to prevent such an unjust outcome.

## CONCLUSION

For the reasons stated above, we respectfully ask this Court to lift its previously imposed stay, summarily affirm the decision below by the district court, and immediately issue a mandate.

Respectfully submitted,

Dated: June 26, 2015

| | |
|---|---|
| **PAUL, WEISS, RIFKIND,<br>  WHARTON & GARRISON LLP** | **MCDUFF & BYRD** |
| By: /s/ Roberta A. Kaplan | Robert B. McDuff |
|    Roberta A. Kaplan | Sibyl C. Byrd |
|      *Lead Counsel* | 767 North Congress Street |
|    Andrew J. Ehrlich | Jackson, Mississippi 39202 |
|    Jaren Janghorbani | Tel: (601) 969-0802 |
|    Joshua D. Kaye | Fax: (601) 969-0804 |
|    Jacob H. Hupart | rbm@mcdufflaw.com |
| 1285 Avenue of the Americas | scb@mcdufflaw.com |
| New York, NY 10019-6064 | |
| Tel: (212) 373-3000 | **WALTON LAW OFFICE** |
| Fax: (212) 757-3990 | Diane E. Walton |
| rkaplan@paulweiss.com | 168 S. Liberty Street |
| aehrlich@paulweiss.com | Asheville, NC 28801 |
| jjanghorbani@paulweiss.com | Tel: (828) 255-1963 |
| jkaye@paulweiss.com | Fax: (828) 255-1968 |
| jhupart@paulweiss.com | diane@waltonlawoffice.com |
| | |
|    Dale Carpenter | |
| UNIVERSITY OF MINNESOTA | |
| LAW SCHOOL | |
| 229 Nineteenth Ave S. | |
| Minneapolis, MN 55455 | |
| Tel: (612) 625-5537 | |
| Fax: (612) 625-2011 | |
| dalecarp@umn.edu | |

*Attorneys for Plaintiffs-Appellees*

16

# CERTIFICATE OF ELECTRONIC COMPLIANCE

I hereby certify that, on this 26th day of June, 2015:

(1) required privacy redactions have been made, 5th Cir. R. 25.2.13; (2) the electronic submission is an exact copy of the paper document, 5th Cir. R. 25.2.1; and (3) the document has been scanned with the most recent version of a commercial virus scanning program and is free of viruses.

/s/ Roberta A. Kaplan

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 26th day of June, 2015, I filed the foregoing brief with the Court's CM/ECF system, which will automatically send an electronic notice of filing to all counsel of record. I also certify that I served the following persons via overnight mail:

> Justin Lee Matheny, Esq.
> Office of the Attorney General
> for the State of Mississippi
> 550 High Street, Walter Sillers Building
> Jackson, MS 39201
>
> Paul Eldridge Barnes, Esq.
> Office of the Attorney General
> for the State of Mississippi
> 550 High Street, Walter Sillers Building
> Jackson, MS 39201

/s/ Roberta A. Kaplan

Doc#: US1:10079947v5